**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DWAYNE ERIC THOMPSON,

    Petitioner,

vs.                                          Case No.   3:12-cv-564-TJC-TEM
                                                                         3:09-cr-117-J-32TEM

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**

This case is before the Court on Petitioner Dwayne Eric Thompson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), Motion for Leave to File Supplemental Pleading (Doc. 12), and Motion to Supplement 28 U.S.C. § 2255 (Doc. 13).[1] The government filed a Response in Opposition (Doc. 10), and petitioner filed a Reply (Doc. 11). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I. Background**

Petitioner was convicted following a jury trial of possession of a firearm by a convicted felon and was sentenced to 120 months' imprisonment. Crim. Doc. 90. Petitioner direct appealed, challenging the sufficiency of the evidence and the Court's admission of letters written by petitioner to his girlfriend. The Eleventh Circuit affirmed petitioner's conviction on May 19, 2011, doc. 10-1, and petitioner did not file a petition for writ of

---

[1] Citations to petitioner's criminal case file, <u>United States of America v. Dwayne Eric Thompson</u>, 3:09-cr-117-J-32TEM, are denoted as "Crim. Doc. ___." Citations to petitioner's civil § 2255 case file, 3:12-cv-564-TJC-TEM, are denoted as "Doc. ___."

certiorari with the Supreme Court. Petitioner's conviction became final on August 17, 2011, 90 days after the Eleventh Circuit rendered its decision when the time for seeking certiorari expired. Accordingly, petitioner had one year from that date, or until August 17, 2012, to file a § 2255 motion. The instant motion, dated May 3, 2012, is therefore timely and ripe for review. 28 U.S.C. § 2255(f).

**II. Discussion**

After initially filing his § 2255 motion on May 3, 2012, petitioner filed a Motion for Leave to File Supplemental Pleading (Doc. 12) and a Motion to Supplement 28 U.S.C. § 2255 (Doc. 13), both dated February 5, 2013, and citing Rule 15 of the Federal Rules of Civil Procedure. Rule 15(d) provides "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In this case, petitioner sought leave to file supplemental pleadings based on the Supreme Court's then-recent grant of certiorari to the Third Circuit in the case of Bond v. United States, 133 S.Ct. 978 (Jan. 18, 2013), and asked this Court to stay resolution of his § 2255 motion to await the Supreme Court's decision in that case. Doc.13 at 2. The Supreme Court decided the case on June 2, 2014. Bond v. United States, 134 S. Ct. 2077 (2014).[2] At the

---

[2] In Bond, the Supreme Court invoked the rule of constitutional avoidance in deciding that the United States could not prosecute a defendant - who merely caused a mild burn on the victim's thumb with a chemical irritant - for knowingly using dangerous chemicals that can cause death, temporary incapacitation, or harm to humans under 18 U.S.C. § 229, which Congress enacted pursuant to the Chemical Weapons Convention Implementation Act of 1998, 112 Stat. 2681-856 (1998). Bond, 134 S. Ct. at 2087. Rather than decide whether the law impermissibly interfered with the states' police power, the Court opined that a federal law designed to address the use of chemical weapons by rogues and terrorists

outset, the Court notes that it has reviewed the case, and finds that the Supreme Court's resolution of that case will not affect this Court's resolution of petitioner's § 2255 motion.

In his original, timely-filed § 2255 motion, petitioner argues that both his pretrial and trial counsel were constitutionally ineffective for failing to file a motion to suppress recordings of jailhouse calls based upon the government's "failure to [have the recording] authorized or approved by a judge of competent jurisdiction in violation of Fed. W.T.A., 18 U.S.C. Section 2517(5)." Doc. 2 at 3. Specifically, petitioner asserts that his attorneys rendered constitutionally defective assistance when

> both counsel failed to use their skills and knowledge pertaining to that disk [containing the jail call recordings] because (1) they failed to investigate whether the intercepted recording was first authorized by a judge of competent jurisdiction for disclosure and use. (2) The record in the instant case clearly shows that both counsel failed to timely file a motion for suppression not due to strategic considerations, but because, they were not familiar with the facts and law relevant to the intercepted recordings. The record further show[s] that both counsels were unaware of the contents and its incriminating conversations in the intercepted recordings, because they both had conducted no pre-trial investigation with the Movant[.]

Doc. 2 at 8. Petitioner's claims are meritless.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that, as a result, he suffered prejudice sufficient to undermine confidence in the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668 (1984). However, "counsel is

---

would not be construed as reaching a defendant's "unremarkable local offense" absent a clear indication by Congress to the contrary. Id. at 2083.
   Petitioner failed to show that Bond would affect the resolution of his claims, nor has the Court identified a way. Accordingly, the Court has determined that Bond does not affect how this Court will dispose of Petitioner's § 2255 motion.

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

"It is not professionally unreasonable for a lawyer to fail to pursue issues which have little or no chance of success, and a defendant is not prejudiced by counsel's failure to pursue nonmeritorious claims or those on which they likely would not have prevailed." Georges v. United States, 2012 WL 602659, at *7 (S.D. Fla. Jan. 12, 2012); see also Iron Wing v. United States, 34 F.3d 662, 665 (8th Cir. 1994)(counsel was not ineffective where the client was not prejudiced by counsel's failure to file a motion to suppress that would not have been successful). In courts of the Eleventh Circuit, "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client." United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

This Court has previously considered and rejected a motion to suppress based in part on the alleged Wiretap Act violation giving rise to petitioner's ineffective assistance claim. In United States v. Mitchell, 2013 WL 3808152 (M.D. Fla. July 22, 2013), the Court addressed the defendant's claim that jailhouse recordings of calls to his attorney were made in violation of the Federal Wiretapping Act and the Fourth Amendment, and explained that

> [t]he Wiretap Act "forbids the willful interception of wire communications, including telephone conversations, without prior judicial authorization." United States v. Noriega, 764 F.Supp. 1480, 1490 (S.D.Fla. 1991). Notably, the statute provides that "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding before any court . . . if the disclosure of that information would be in violation of this chapter." See 18 U.S.C. § 2515. However, the statute includes an exception which allows for interception where "one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c).

4

Mitchell, 2013 WL 3808152, at *10. The Court determined that since the defendant was warned prior to every call he made that inmate calls were recorded, and since he was also advised of that policy in the inmate handbook, he consented to the recording and there was no violation:

> Defendant initiated calls to Newby and discussed his personal affairs with her, despite the fact every call he initiated started with an automated warning that "all inmate telephone calls are recorded." This conduct demonstrates Defendant's consent to being recorded, and therefore, the recording of Defendant's phone calls to Newby did not violate the Fourth Amendment or the Wiretap Act.

Id. at *11 (citation omitted).

This Court has also previously rejected a claim of ineffective assistance, raised in a § 2255 motion, based on an attorney's failure to move to suppress a phone call made by the petitioner while he was being held at the Duval County Pre-Trial Detention Facility. Harris v. United States, 2012 WL 1901568 (M.D. Fla. May 25, 2012). Acknowledging that "Title III prohibits any person from using 'electronic, mechanical, or other device to intercept any oral communication[,]'" the Court noted "[h]owever, 18 U.S.C. § 2510(5)(a)(ii) expressly excludes recording equipment that is used 'by an investigative or law enforcement officer in the ordinary course of his duties.'" Id. at *2. The Court found that the law enforcement exception applied because "Petitioner made the phone calls from the Duval County Pre-Trial Detention Facility, which has a policy of recording all inmate phone-calls (after advising the inmate that the call would be recorded). Because counsel thus had no legal basis to object to the admission of the recording, Petitioner's ineffective assistance claim is without merit." Id. (citation omitted). Further, to the extent that the petitioner in Harris claimed that the violation of the Wiretap Act resulted from the disclosure of recordings without prior judicial

5

authorization rather than the act of recording itself, the Court explained that "[b]ecause there was no need for judicial approval to initially intercept the phone calls of the Petitioner pursuant to the law enforcement exception, § 2517(5) would not apply." Id. n.4.

Harris sought a Certificate of Appealability (COA) from the Eleventh Circuit based in part on the district court's denial of the ineffective assistance claim raised in his § 2255 motion. The Eleventh Circuit denied the COA, explaining

> Harris has not demonstrated that counsel was ineffective for failing to challenge, under Title III, the admission of a phone call that was recorded at the pretrial detention facility where he was being held because the interception of the phone call was not unlawful under Title III. The recordings at the detention facility were made by law enforcement in the ordinary course of their duties, and Harris implicitly consented to the interception. See 18 U.S.C. §§ 2510(5)(a)(ii), 2511(2)(c).

Harris v. United States, No. 12-13567-A (11th Cir. Dec. 10, 2012)(emphasis added); Doc. 10-2 at 2. Both grounds cited by the Eleventh Circuit in Harris to reject Harris's petition for a COA based upon the alleged ineffective assistance of counsel are also applicable here.

Petitioner does not allege that he did not receive notice his calls would be recorded or claim that he was otherwise unaware his calls were being recorded. Petitioner even provided as "Exhibit B" to his Memorandum in Support of 28 U.S.C. § 2255 Motion (Doc. 2-2) excerpts of various jailhouse calls revealing that he received the following warning prior to placing a call: "All inmate telephone calls are recorded." Doc. 2-2 at 4. Petitioner therefore had notice that his calls were being recorded and, like the defendants in Mitchell and Harris, chose to make phone calls anyway. Petitioner Thompson's continued use of the jail phone despite the warning constitutes his consent, and therefore no prior judicial authorization for the recording or disclosure was necessary. Moreover, the detention facility that recorded the

calls, the Duval County Pre-Trial Detention Facility, see doc. 2 at 3, is the same facility that recorded the calls at issue in the Harris case, the facility whose policy and practice of recording calls were explicitly found to fall within the law enforcement exception and which led this Court to determine that "§ 2517(5) would not apply" to its recordings of inmate calls. Harris, 2012 WL 1901568, at *2 n.4.

Thus, there was no violation of the Federal Wiretap Act by recording, disclosing, or presenting at trial petitioner's jailhouse calls. A motion to suppress the calls filed on that basis would have been denied,[3] and counsels' failure to file a motion that was unlikely to succeed did not render their performance constitutionally deficient or cause Petitioner Thompson to suffer outcome-determinative prejudice.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Dwayne Eric Thompson's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. Petitioner's Motion for Leave to File Supplemental Pleading (Doc. 12) and Motion to Supplement 28 U.S.C. § 2255 (Doc. 13) are **GRANTED** only to the extent that the Court has considered the motions and determined they do not affect the resolution of petitioner's § 2255 motion. In all other respects, and insofar as they seek a stay of this Court's review of petitioner's § 2255 motion to await the Supreme Court's decision in Bond, the motions are **DENIED AS MOOT**.

---

[3] The Eleventh Circuit expressly considered the jailhouse recordings in this case when reviewing petitioner's sufficiency of the evidence challenge on direct appeal. See doc. 10-1 at 3.

3. The Clerk is directed to close the file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(I). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of August 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ab.

Copies:

Counsel of Record

<u>pro</u> <u>se</u> party